Case: 4:19-cv-02930-JAR Doc #: 36 Filed: 02/05/20 Page: 1 of 5 PageID #: 1063

I hereby certify that this instrument is a true and correct copy of the original on file in my office. Attest: Sandy Opacich, Clerk U.S. District Court, Northern District of Ohio
By: /s/Robert Pitts
Deputy Clerk



# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION  MDL No. 2804

## TRANSFER ORDER

**Before the Panel**:[*] Plaintiffs in 22 actions move under Panel Rule 7.1 to vacate the orders conditionally transferring their respective actions listed on Schedule A to MDL No. 2804. Various defendants[1] oppose the motions.

After considering the arguments of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2804, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set forth in our order directing centralization. In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions regarding the allegedly improper marketing and distribution of various prescription opiate medications into states, cities, and towns across the country. *See In re Nat'l Prescription Opiate Litig.,* 290 F. Supp.3d 1375, 1378-79 (J.P.M.L. 2017).

Despite some variances among the actions before us, they share a factual core with the MDL actions: the manufacturer and distributor defendants' alleged knowledge of and conduct regarding the

---

[*] Judges Ellen Segal Huvelle and Nathaniel M. Gorton did not participate in the decision of this matter.

[1] Amerisourcebergen Corp. and Amerisourcebergen Drug Corp.; Cardinal Health, Inc., Cardinal Health 110, LLC, Cardinal Health 100, Inc., Cardinal Health 107, LLC, Cardinal Health 108, LLC, Cardinal Health 110, LLC, Cardinal Health 121, LLC, Cardinal Health 122, LLC, Cardinal Health 128, LLC, Cardinal Health 132, LLC, Cardinal Health 200, LLC, Cardinal Health 5, LLC, Cardinal Health Pharmacy Services, LLC; McKesson Corp. (distributor defendants); Actavis Elizabeth, LLC, Actavis Kadian LLC, Actavis Laboratories FL, Inc., Actavis Laboratories UT, Inc., Actavis Mid Atlantic, LLC, Actavis Pharma, Inc., Actavis South Atlantic LLC, Actavis Totowa LLC, Actavis, LLC, Actavis Pharma, Inc.; Allergan Finance LLC, Allergan Sales, LLC, Allergan USA, Inc., Cephalon, Inc.; Endo Health Solutions Inc., Endo Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc.; Janssen Pharmaceuticals Inc.; Johnson & Johnson; Mallinckrodt plc, Mallinckrodt LLC, Ortho-McNeil-Jansenn Pharmaceuticals, Inc.; Par Pharmaceuticals, Inc., Par Pharmaceutical Companies, Inc.; SpecGx LLC; Teva Pharmaceutical Industries Ltd.;. Teva Pharmaceuticals USA, Inc.; Watson Laboratories, Inc. and Watson Pharma, Inc.; and Warner Chilcott Company, LLC (manufacturing defendants); and CVS Health Corp.

-2-

diversion of these prescription opiates, as well as the manufacturers' allegedly improper marketing of the drugs. *See id.* The actions therefore fall within the MDL's ambit.

The plaintiffs opposing transfer in twenty actions argue principally that federal jurisdiction is lacking over their cases. But opposition to transfer based on a jurisdictional challenge is insufficient to warrant vacating conditional transfer of factually related cases.[2] Several plaintiffs also argue that including their actions in this large MDL will cause them inconvenience and delay the progress of their actions. Given the undisputed factual overlap with the MDL proceedings, transfer is justified in order to facilitate the efficient conduct of the litigation as a whole. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

Plaintiff in the Southern District of West Virginia *Harris* action, an individual action for personal injuries brought by a minor who was born addicted to opiates, opposes transfer by arguing that *Harris* is unique. But we have transferred to the MDL several similar actions that involve infants suffering from Neonatal Abstinence Syndrome (NAS). Moreover, we denied a motion to create a separate MDL for NAS infants in December 2018 in favor of transferring such cases to the MDL. *See In re Infants Born Opioid-Dependent Prod. Liab. Litig.*, 350 F. Supp. 3d 1377, 1378–79 (J.P.M.L. 2018) ("The identity of [NAS infant] plaintiffs and their unique damages – which plaintiffs and *amici* assert include the need for a medical monitoring trust that funds prolonged, multidisciplinary care – do indeed differentiate these cases from those brought by the cities, counties and states that comprise the bulk of MDL No. 2804. But these differences among claims and requested relief, in our opinion, do not justify the creation of a new MDL."). That *Harris* is a personal injury action and not a class action like other NAS infant cases also should not preclude transfer. We have transferred other personal injury actions to the MDL because they share common factual assertions about marketing and distribution of prescription opiates with the class actions in the MDL.

Plaintiff in the Middle District of Tennessee *Rhodes* action also asserts that his case is unique and should be excluded from the MDL. *Rhodes* is a putative multistate class action for indirect consumer losses in the purchase of prescription opiates. Plaintiffs who purchased opiates using a valid prescription claim they would not have absent the manufacturer defendants' alleged misrepresentations about the addiction risks of the drugs. Numerous MDL plaintiffs base their complaints on alleged manufacturer misrepresentations as to these risks. Where, as here, "common factual issues exist, . . . the presence of different legal theories among the subject actions is not a bar to centralization." *In re: Bank of New York Mellon Corp. Foreign Exch. Transactions Litig.*, 857 F. Supp. 2d 1371, 1372 (J.P.M.L. 2012). Should the need arise, the transferee judge can accommodate any unique discovery needs that this case presents.

---

[2] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

R. David Proctor  Catherine D. Perry
Matthew F. Kennelly  David C. Norton

**IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**  MDL No. 2804

## SCHEDULE A

<u>Central District of California</u>

COUNTY OF ALAMEDA, ET AL. v. RICHARD S. SACKLER, ET AL.,
   C.A. No. 8:19-02154

<u>District of Delaware</u>

CITY OF DOVER, ET AL. v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:19-01749

<u>Eastern District of Kentucky</u>

CITY OF HENDERSON v. PURDUE PHARMA L.P., ET AL., C.A. No. 3:19-67
HARDIN COUNTY FISCAL COURT, ET AL. v. PURDUE PHARMA L.P.,
   ET AL., C.A. No. 3:19-68

<u>Western District of Kentucky</u>

BOWLING GREEN-WARREN COUNTY COMMUNITY HOSPITAL CORPORATION, ET
   AL. v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:19-148

<u>District of Maryland</u>

THE COUNTY COMMISSIONER OF CARROLL COUNTY, MARYLAND v.
   ALLERGAN PLC, ET AL., C.A. No. 1:19-03254

<u>Eastern District of Missouri</u>

CAMDEN COUNTY v. WILLIAMS, ET AL., C.A. No. 4:19-02930
LINCOLN COUNTY v. SACKLER, ET AL., C.A. No. 4:19-02953

<u>Southern District of Ohio</u>

THE COUNTY OF FAYETTE, OHIO, ET AL. v. PURDUE PHARMA L.P., ET AL., C.A. No.
   2:19-04347

<u>Eastern District of Oklahoma</u>

LEFLORE COUNTY BOARD OF COUNTY COMMISSIONERS v. PURDUE PHARMA LP,
   ET AL., C.A. No. 6:19-00362

- A2 -

<u>Western District of Oklahoma</u>

BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY v. MCKESSON
    CORPORATION, ET AL., C.A. No. 5:19‑00921
BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY v. PURDUE
    PHARMA LP, ET AL., C.A. No. 5:19‑00926
BOARD OF COUNTY COMMISSIONERS OF LOGAN COUNTY v. PURDUE
    PHARMA LP, ET AL., C.A. No. 5:19‑00984
BOARD OF COUNTY COMMISSIONERS OF TEXAS COUNTY v. PURDUE
    PHARMA LP, ET AL., C.A. No. 5:19‑00987

<u>Eastern District of Pennsylvania</u>

ADAMS COUNTY v. PURDUE PHARMA L.P., ET AL., C.A. No. 2:19‑4438

<u>District of South Carolina</u>

THE STATE OF SOUTH CAROLINA v. MCKESSON CORPORATION, ET AL.,
    C.A. No. 3:19‑02783

<u>Middle District of Tennessee</u>

RHODES, ET AL. v. RHODES TECHNOLOGIES, INC., ET AL., C.A. No. 3:19‑00885

<u>Southern District of Texas</u>

COUNTY OF ANGELINA v. ALLERGAN PLC, ET AL., C.A. No. 4:19‑03590
COUNTY OF BURLESON v. WALMART, INC., ET AL., C.A. No. 4:19‑03845

<u>Western District of Virginia</u>

AMHERST COUNTY, VIRGINIA v. MALLINCKRODT PLC, ET AL.,
    C.A. No. 6:19‑00077
BOTETOURT COUNTY, VIRGINIA v. MALLINCKRODT PLC, ET AL.,
    C.A. No. 7:19‑00759

<u>Southern District of West Virginia</u>

HARRIS, ET AL. v. MCKESSON CORPORATION, ET AL., C.A. No. 2:19-707